IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 21-CR-00294-GKF |
| CONNER LEE POLK, | ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter comes before the court on the Sentencing Memorandum and Briefing Regarding Oklahoma's Justice Safety Valve Act [Doc. 42] of defendant Conner Lee Polk. Therein, Mr. Polk requests that the court sentence him according to the provisions of the Oklahoma Justice Safety Valve Act, Okla. Stat. tit. 22, § 985.1.

## I.  Background

On June 22, 2021, a federal grand jury returned an Indictment charging Mr. Polk with one count of Driving Under the Influence of Alcohol and Other Intoxicating Substances in Indian County and Causing an Accident Resulting in Great Bodily Injury pursuant to 18 U.S.C. §§ 1151, 1152, and 13 and Okla. Stat. tit. 47, § 11-904(B) and one count of misdemeanor Accident Involving Damage to a Vehicle in Indian Country pursuant to 18 U.S.C. §§ 1151, 1152, and 13, and Okla. Stat. tit. 47, § 10-103. [Doc. 2]. Section 11-904(B) of Title 47 of the Oklahoma statutes provides:

> Any person who causes an accident resulting in great bodily injury to any person other than himself while driving or operating a motor vehicle within this state and who is in violation of the provisions of subsection A of Section 11-902 of this title may be charged with a violation of the provisions of this subsection. ***Any person who is convicted of a violation of the provisions of this subsection shall be deemed guilty of a felony punishable by imprisonment in the custody of the Department of Corrections for not less than four (4) years and not more than twenty (20) years***, and a fine of not more than Five Thousand Dollars ($5,000.00).

Okla. Stat. tit. 47, § 11-904(B) (emphasis added).

On November 30, 2021, Mr. Polk advised the court that he wished to change his plea to guilty. [Doc. 27]. On January 13, 2022, Mr. Polk petitioned to enter a plea of guilty to the Indictment. [Doc. 35; Doc. 37]. During the plea colloquy, the court advised Mr. Polk that Count One was subject to a mandatory minimum sentence of four years. The court noted an open question existed as to whether an Oklahoma statutory safety-valve for individuals with low criminal history may apply, but the court had not yet decided that issue. Mr. Polk confirmed that he understood that Count One carries with it a mandatory minimum sentence of four years.

On May 1, 2022, Mr. Polk filed the Sentencing Memorandum requesting that the court "assimilate and adopt" the Oklahoma Justice Safety Valve Act. That statute provides, subject to certain exceptions, as follows:

> A. When sentencing a person convicted of a criminal offense for which there is a mandatory minimum sentence of imprisonment, the court may depart from the applicable sentence if the court finds substantial and compelling reasons on the record, after giving due regard to the nature of the crime, history, and character of the defendant and his or her chances of successful rehabilitation, that:
>
> 1. The mandatory minimum sentence of imprisonment is not necessary for the protection of the public; or
>
> 2. Imposition of the mandatory minimum sentence of imprisonment would result in substantial injustice to the defendant; or
>
> 3. The mandatory minimum sentence of imprisonment is not necessary for the protection of the public and the defendant, based on a risk and needs assessment, is eligible for an alternative court, a diversion program or community sentencing, without regard to exclusions because of previous convictions, and has been accepted to the same, pending sentencing.

Okla. Stat. tit. 22, § 985.1(A). The government filed a response in opposition, arguing that federal law requires application of the state four-year mandatory minimum sentence. [Doc. 43]. Mr. Polk is scheduled to be sentenced on May 13, 2022 at 10:30 a.m. [Doc. 35].

II.     Analysis

As previously stated, Mr. Polk is charged in Count One of the Indictment with Driving Under the Influence of Alcohol and Other Intoxicating Substances in Indian County and Causing an Accident Resulting in Great Bodily Injury pursuant to 18 U.S.C. §§ 1151, 1152, and 13 and Okla. Stat. tit. 47, § 11-904(B).  [Doc. 2].  Section 13 of Title 18 is the Assimilative Crimes Act (ACA), which provides:

> Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title . . is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

18 U.S.C. § 13(a).  The ACA serves as a "gap-filler" and creates a criminal code for federal enclaves by "provid[ing] a method of punishing a crime committed on government reservations in the way and to the extent that it would have been punishable if committed within the surrounding jurisdiction."  *United States v. Garcia*, 893 F.2d 250, 253 (10th Cir. 1989).  It does so by "assimilat[ing] into federal law [1] the definition and [2] punishment of certain state crimes." *United States v. Martinez*, 1 F.4th 788, 790 (10th Cir. 2021).[1]  As a result, "[t]he assimilated state offense becomes a federal offense punishable under federal law." *Id.*

With respect to punishment, "courts may impose only 'like punishment[s]' to those state courts can impose." *United States v. Christie*, 717 F.3d 1156, 1171 (10th Cir. 2013) (quoting 18 U.S.C. § 13(a)).  The Tenth Circuit and other circuits "have unanimously interpreted the ACA's 'like punishment' mandate to require federal sentencing courts to abide any maximum and

---

[1] In *Martinez,* the U.S. Court of Appeals for the Tenth Circuit interpreted the Indian Major Crimes Act (IMCA), as opposed to the ACA.  However, the Circuit has stated "because the statutes are similar and involve the same sentencing procedures," the court may "consider [IMCA] cases in interpreting similar provisions of the [ACA]." *Martinez,* 1 F. 4th at 790 n.1.

minimum prison terms proscribed by state law for an assimilated crime." *Id.* However, "the ACA requires *like* punishment, not *precisely the same* punishment." *Id.* at 1171-72 (emphasis in original). Thus, "[e]fforts to duplicate every last nuance of the sentence that would be imposed in state court has never been required." *Garcia,* 893 F.2d at 254.

In a recent decision, the Tenth Circuit suggested that "[i]ncorporation of state law **is limited** to the maximum and minimum penalties for the offense and does not extend to 'state sentencing schemes.'" *Martinez*, 1 F. 4th at 790 (emphasis added) (quoting *United States v. Jones*, 921 F.3d 932, 937-38 (10th Cir. 2019)). Applying this restrictive articulation of the rule, the court's incorporation of Oklahoma law is limited to the statutory minimum and maximum term of imprisonment set forth in Okla. stat. tit. 47, § 11-904(B). The court may not incorporate Oklahoma's criminal procedure and sentencing schemes, including the Oklahoma Justice Safety Valve Act.

Moreover, it is well-established that a federal sentencing court *must* decline to incorporate state law to sentence an ACA offender if doing so violates federal penal policy. *United States v. Chapman*, 839 F.3d 1232, 1243 (10th Cir. 2016); *see also Christie*, 717 F.3d at 1172 ("[F]ederal courts *must* depart from state guidance when Congress has expressed a specific and contrary penal policy."); *Wood,* 386 F.3d at 963. The United States Sentencing Commission Guidelines apply to defendants convicted under the ACA. *See Garcia*, 893 F.2d at 253-54; *Jones*, 921 F.3d at 937; *see also* USSG §2X5.1, Background ("The sentencing guidelines apply to convictions under 18 U.S.C. § 13 (Assimilative Crimes Act) and 18 U.S.C. § 1153 (Indian Major Crimes Act); *see* 18 U.S.C. § 3551(a), as amended by section 1602 of Public Law 101-657."). Federal courts cannot "ignore congressionally mandated sentencing guidelines in favor of state sentencing guidelines." *Christie,* 717 F.3d at 1172; *Chapman,* 839 F.3d at 1243.

4

The Tenth Circuit's decision in *Wood* is illustrative. There, the Tenth Circuit affirmed a trial court's decision not to incorporate, and sentence an IMCA defendant under, Okla. Stat. tit. 22, § 991a, which generally provided for suspension of Oklahoma criminal judgments and sentences. *Wood*, 386 F.3d at 962. The Circuit recognized the existence of a conflict between the Oklahoma statute and the federal Sentencing Guidelines, because the Guidelines "deny a district court the discretion to suspend a sentence of imprisonment." *Id.* at 963. Because suspension of the sentence was unavailable under the Guidelines, "that option [was] unavailable to defendants convicted of violating the IMCA and sentenced in accordance with the Guidelines." *Id.*

Mr. Polk argues that the Oklahoma Justice Safety Valve Act is consistent with federal penal statutes and the Guidelines. But the federal penal code and Guidelines permit a sentencing judge to depart from a mandatory minimum sentence only in certain enumerated, limited circumstances. *See* 18 U.S.C. §§ 3553(e), (f); USSG §§ 5C1.2, 5K1.1. Specifically, the Guidelines include a "safety valve" provision, but it applies only to offenses under 21 U.S.C. §§ 841, 844, 846, 960, or 963. *See* 18 U.S.C. §§ 3553(f); USSG § 5C1.2. The federal safety valve *does not* permit a court to impose a sentence below the statutory mandatory minimum for defendants convicted under 18 U.S.C. § 13. The Guidelines therefore reflect a specific congressional directive as to when a court may sentence below the applicable statutory mandatory minimum, which controls over the ACA's general provision that ACA defendants should be subject to "like punishment." *See Christie*, 717 F.3d at 1172 ("These examples of mandatory departures from the 'like punishment' principle are all particular illustrations of the broader principle that when it comes to resolving competing congressional directions the specific (here, regarding parole, sentencing policy, and the death penalty) controls over the general (here, ACA's generic 'like punishment' principle)."). As

previously stated, the court is not free to "ignore congressionally mandated sentencing guidelines in favor of state sentencing guidelines." *Id.*

Because the Oklahoma Justice Safety Valve Act is inconsistent with the federal Sentencing Guidelines, the court declines to incorporate it. Rather, with respect to sentencing, incorporation of Oklahoma state law is limited to the maximum and minimum penalties provided by Okla. Stat. tit. 47, § 11-904(B).

### III.   Conclusion

WHEREFORE, the court may not sentence according to the provisions of the Oklahoma Justice Safety Valve Act, Okla. Stat. tit. 22, § 985.1. Defendant Conner Lee Polk's request that the court incorporate Okla. Stat. tit. 22, § 985.1, included in his Sentencing Memorandum and Briefing Regarding Oklahoma's Justice Safety Valve Act [Doc. 42], is denied.

IT IS SO ORDERED this 13th day of May, 2022.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE